637 So.2d 1311 (1994)
S. JACKSON & SON, INC.
v.
ALJOMA LUMBER, INC.
No. 93-CA-2531.
Court of Appeal of Louisiana, Fourth Circuit.
May 26, 1994.
Gerald Wasserman, Bach & Wasserman, Metairie, for plaintiff/appellee.
Eric Holden, Patricia A. Garcia, New Orleans, for defendant/appellant.
Before KLEES, CIACCIO and JONES, JJ.
JONES, Judge.
Defendant, Aljoma Lumber, Inc., (Aljoma), appeals the trial court's judgment finding it liable to plaintiff, S. Jackson & Son, Inc., (S. Jackson), on an open account in the amount of $540.00. This amount represents an increase *1312 in freight charges which resulted when the freight forwarder, S. Jackson, booked the charge at $1,350.00 per container, but the actual charge was $1,530.00 per container. We affirm the trial court's judgment.
Aljoma, who is in the lumber business, secured S. Jackson, by verbal agreement, to load lumber into containers and arrange for its shipping to Spain. These arrangements were made March 6, 1991 but the actual shipping occurred April 17, 1991. Aljoma paid the freight charges directly to the carrier, Spanish Lines, but reduced its payment to S. Jackson, the freight forwarder, by $540; the difference of $180.00 for each of the three containers shipped. At the trial of this matter, Aljoma contended that it was entitled to reduce any payment to S. Jackson by the amount of error between the firmly booked price of shipping quoted by S. Jackson, ($1,350.00), through its employee Al Kraus (Kraus), and the actual price charged by Spanish Lines. The trial court held in favor of S. Jackson in the amount of $540.00 together with an additional $750.00 for attorney's fees and all costs of the proceedings.
By their first assignment of error, Aljoma complains that the trial court committed error in admitting the hearsay testimony of Jeanne Andre (Andre) to testify on its behalf. Andre, Vice President in charge of the Import-Export Division of the company testified that she spoke directly with Aljoma through Mr. Jim McLin. She further testified that the charges owed by Aljoma were governed by the tariff which was quoted by Kraus, the S. Jackson employee who negotiated the transaction on March 6, 1991. Current rates are obtained in regular business practices through a telephone call to the carrier, in this case Spanish Lines. The fact that shipment was delayed by Aljoma until the following month resulted in an increased charge of $1,530.00 per container. At the time of trial, Kraus was no longer an employee of S. Jackson. Because the witness had direct communication with Aljoma, her testimony was not hearsay. Accordingly, this assignment of error has no merit.
By its second assignment of error, Aljoma argues that the trial court erred in admitting S. Jackson's business records without a proper foundation. Aljoma relies on Miles v. New Orleans Public Service, Inc., 393 So.2d 877, 879 (La.App. 4th Cir.1981) in arguing that S. Jackson must lay the proper foundation to comply with the business records exception to the hearsay rule. However, the Miles case was decided prior to the 1988 enactment of the Code of Evidence which provides the current statement of law in this area. Specifically, Article 803 provides that:
The following are not excluded by the hearsay rule even though the declarant is available as a witness:
* * * * * *
(6) Records of regularly conducted business activity. In a civil case, a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if made and kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make and to keep the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate a lack of trustworthiness. This exception is inapplicable unless the recorded information was furnished to the business either by a person who was routinely acting for the business in reporting the information or in circumstances under which the statement would not be excluded by the hearsay rule. The term "business" as used in this Paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit. Public records and reports which are specifically excluded from the public records exception by Article 803(8)(b) shall not qualify as an exception to the hearsay rule under this Paragraph.
In Cole Oil & Tire Co., Inc. v. Davis, 567 So.2d 122, 129 (La.App. 2d Cir.1990) the Court held:
*1313 The witness laying the foundation for admissibility of business records need not have been the preparer of the records. The person who keeps the books and records and makes the entries need not testify if a person who is in a position to attest to the authenticity of the records is present to testify. U.S. v. Fendley, 522 F.2d 181, 185 (5th Cir.1975). Nothing in the Code of Evidence specifically requires either that the foundation witness be able to personally attest to the accuracy of the information contained in the documents. Indeed, Article 803 specifically eliminates these requirements. See Fendley, supra....
Accordingly, this assignment of error has no merit.
By their third assignment of error, Aljoma argues that the trial court erred in concluding that this was a debt owed on open account because there was no meeting of the minds between the parties. Furthermore, Aljoma asserts that $750.00 in attorney's fees for a $540.00 debt is excessive.
However, the record reflects that S. Jackson complied with the provisions of La.R.S. 9:2781. R.S. 9:2781 provides in pertinent part:
A. When any person fails to pay an open account within fifteen days after receipt of written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant....
The factors to be considered by the trial court in making an award of attorney's fees are: "ultimate result obtained; responsibility incurred; importance of the litigation; amount involved; extent and character of labor performed; legal knowledge; attainment and skill of the attorney; number of appearances made; intricacies of facts and law involved; diligence and skill of counsel; court's own knowledge; and ability of party liable to pay." Julius Cohen Jeweler, Inc. v. Succession of Jumonville, 506 So.2d 535 (La. App. 1st Cir.1987) writ denied 511 So.2d 1155. This matter involved repeated amicable demands, the filing of suit and a trial on the merits.
Finally, there was a meeting of the minds as to the amount to be charged. S. Jackson was not responsible for the change in shipping costs. It honored the booking price inasmuch as it could not control the tariff which is subject to change dependent on when the cargo is shipped. We do not find the trial court's award excessive.
Defendant has not raised the exclusion of exhibits proffered at trial on appeal. Thus, it is this court's policy that defendant's proffer is abandoned.
For the foregoing reasons the trial court's judgment is affirmed. All costs to be assessed against defendant.
AFFIRMED