649 So.2d 1084 (1995)
William J. DUTEL
v.
The SUCCESSION OF Anna Bordes TOUZET.
No. 94-CA-0978.
Court of Appeal of Louisiana, Fourth Circuit.
January 19, 1995.
Paul A. Bonin, Bonin Law Firm, New Orleans, for appellant.
Donald L. Foret, New Orleans, for appellee.
Before KLEES, BYRNES and CIACCIO, JJ.
CIACCIO, Judge.
Plaintiff, William J. Dutel, brought this suit to recover fees for legal services which were rendered on behalf of the Succession of Anna Bordes Touzet. From a judgment in Dutel's favor, the administrator of the succession, Charles J. Touzet, now suspensively appeals. For the reasons stated herein, we affirm the trial court's judgment with regard to the claim for legal services rendered, but we reverse the judgment of the trial court insofar as it awards attorney's fees pursuant to LSA-R.S. 9:2781.

FACTS
Anna Bordes Touzet died intestate on July 9, 1985. She had two sons, Dr. Andre Touzet and Charles J. Touzet. On January 9, 1986, the Succession of Anna Bordes Touzet was opened in Civil District Court and Charles J. Touzet was appointed administrator. In June of 1991, Charles Touzet retained William J. Dutel as the attorney for the succession. By letter dated July 11, 1991, Dutel confirmed to Touzet that he would bill for his services at the hourly rate of $150.00. Dutel *1085 represented Touzet in his role as administrator and Touzet retained another attorney to represent his individual interests in the succession.
On February 25, 1992, a settlement was confected by all parties with regard to division of the estate and an agreement was drafted by Dutel and forwarded to all counsel. On April 13, 1992, Dutel's services were terminated by Touzet.
On April 28, 1992, Dutel filed a Formal Proof of Claim in the succession proceedings for an unpaid balance on account of attorney's fees and costs in the amount of $11,179.25. This claim was forwarded to Charles Touzet by certified mail. On May 18, 1992, Dutel filed a Supplemental Formal Proof of Claim stating that additional costs had been incurred bringing the total amount claimed to $11,343.78. This claim was also sent by certified mail to Charles Touzet, but it was returned and marked as unclaimed.
Thereafter, Charles Touzet, who had retained new counsel, filed a Proposed Tableau of Distribution listing proposed payment to Dutel for legal services rendered to the succession through February 28, 1992 in the amount of $8,232.25. This proposal was later withdrawn by the administrator.
On June 24, 1992 Dutel filed this lawsuit in Civil District Court pursuant to the open accounts law, LSA-R.S. 9:2781. In this petition, Dutel made demand for $10,788.78 in attorney's fees. Attached to the petition was a sworn affidavit of Dutel in which he itemized the statements which had been sent to Charles Touzet during the course of his representation. In the affidavit, Dutel stated that those statements reflect charges for legal services rendered in the amount of $11,343.78, subject to a billing correction of $555.00, leaving a balance due of $10,788.78.
The suit on open account was eventually transferred and consolidated with the succession proceedings. Dutel's claim proceeded to trial on June 23, 1993. Judgment was rendered against Touzet, administrator of the Succession of Anna Bordes Touzet, in the sum of $10,788.78, with legal interest from June 24, 1992, the date of judicial demand, until paid and for all costs. Judgment was also rendered against Charles Touzet for the sum of $1,000.00 in attorney's fees.
On appeal, Touzet first contends that the trial court erred in finding that the defendant succession is subject to the provisions of the open accounts law, and further that the trial court erred in casting the succession for attorney's fees for prosecution of the suit. Secondly, Touzet contends that the amount of attorney's fees claimed by Dutel for legal services rendered is excessive based upon the mutually agreed upon objectives of the representation.
With regard to the first argument, the record reveals that Dutel filed this Petition on Open Account naming as defendant the administrator of the Succession of Anna Bordes Touzet, Charles Touzet. The trial court rendered judgment against Charles Touzet in his capacity as administrator of the succession.
Touzet contends that Dutel is prohibited from bringing a suit on open account against the succession and collecting attorney's fees therefor for two reasons:
1. The Open Accounts law is limited to actions against entities which are included in the statute's definition of a "person," and this definition does not include a action against a succession. 2. The Louisiana Code of Civil Procedure sets forth the exclusive methods of enforcing a claim against a succession which pre-empt application of the Open Accounts law. La. C.C.P. arts. 3241-3249 and 3301-3308.
LSA-R.S. 9:2781 contains the provisions of the Open Accounts law. Section (A) of that statute provides in part:
When any person fails to pay an open account within fifteen days after receipt of written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant.
Section (D) of the statute defines "person" as "an individual, association, corporation, partnership, trust, or any other public or private legal entity."
*1086 In the present case, Dutel's petition was filed against the succession through its administrator, Charles Touzet. The succession representative is the proper defendant in an action to enforce a claim against a succession. La.C.C.P. art. 734. A succession representative is an individual, and as such, fits within the definition of person pursuant to the provisions of LSA-R.S. 9:2781(D). In addition, although La.C.C.P. arts. 3241-3249 and 3301-3308 provide the procedural scheme for the payment of debts and charges of a succession, the record shows that Dutel complied with these provisions to no avail.
La.C.C.P. art. 3241 provides in part:
A creditor of a succession under administration may submit his claim to the succession representative for acknowledgement and payment in due course of administration.
La.C.C.P. art. 3242 provides:
The succession representative to whom a claim against the succession has been submitted, within thirty days thereof, shall either acknowledge or reject the claim, in whole or in part. This acknowledgement or express rejection shall be in writing, dated, and signed by the succession representative, who shall notify the claimant of his action. Failure of the succession representative either to acknowledge or reject a claim within thirty days of the date it was submitted to him shall be considered a rejection thereof.
La.C.C.P. art. 3246 provides:
A creditor of a succession may not sue a succession representative to enforce a claim against the succession until the succession representative has rejected the claim.
If the claim is rejected in whole or in part by the succession representative, the creditor to the extent of the rejection may enforce his claim judicially.
The record in this case indicates that on April 28, 1992, Dutel filed a formal proof of claim in the succession proceedings for legal services rendered on behalf of the succession in the amount of $11,179.25. Dutel subsequently filed a supplemental claim, increasing the amount claimed to $11,343.78. Each of these claims were sent by certified mail to Charles Touzet, the administrator of the succession, but Touzet failed to respond to either of these claims for payment. The claims are therefore deemed to have been rejected. La.C.C.P. art. 3242; Matherne v. Matherne's Estate, 341 So.2d 1254 (La.App. 1st Cir.) writ denied, 343 So.2d 1072 (La. 1976).
Once the creditor's claim has been rejected, he is then authorized to enforce his claim judicially to the extent of the rejection. La. C.C.P. art. 3246. This is exactly was Dutel did when he filed his petition on open account in Civil District Court.
Under the circumstances presented here, we find that Dutel properly brought his claim for legal services rendered by filing a suit on open account after his claim had been rejected in the succession proceedings by the succession representative. Further, the succession representative is the proper party to name as a defendant in a suit against a succession, and this suit therefore falls within the ambit of the Open Accounts law.
However, with regard to the award of attorney's fees in the amount of $1,000.00 for prosecution of the suit pursuant to LSA-R.S. 9:2781, we find the trial court erred in rendering this award. The law is well-established that in order to recover attorney's fees under this statute, the claimant must furnish a "written demand ... correctly setting forth the amount owed ..." LSA-R.S. 9:2781(A). Under the precise wording of this statute, unless the amount demanded is correct, attorney's fees are not due. See, A Better Place, Inc. v. Giani Investment Co., 445 So.2d 728 (La.1984); Frank L. Beier Radio v. Black Gold Marine, 449 So.2d 1014 (La. 1984).
William Dutel's demand letter to Touzet enclosing the Formal Proof of Claim listed the amount of the claim to be $11,179.25. The supplemental proof of claim which was subsequently sent to Touzet increased the amount of the claim to $11,343.78. However, the suit filed by Dutel claimed an amount of $10,788.78, and the trial court awarded this sum as amount due on the account. In his *1087 affidavit which was attached to the petition, Dutel stated that the original claim was in the amount of $11,179.25, subject to a billing correction of $555.00, leaving a balance due of $10,788.78. However, the record fails to show that claim was ever made on Touzet for "the correct amount owed" as awarded by the trial court, $10,788.78. Under these circumstances, where the amount demanded was not the correct amount owed, plaintiff cannot recover attorney's fees in accordance with the explicit provisions of LSA-R.S. 9:2781.
We must next address appellant's second assignment of error in which he contends that the amount awarded by the trial court for the legal services rendered is excessive. Appellant cites to Rule 1.5 of the Rules of Professional Conduct in arguing that the fee charged by Dutel for his services rendered was excessive.
There is no dispute that Dutel's hourly rate, which was agreed upon by the parties prior to representation, is not excessive. However, appellant contends that the "results obtained" criteria listed in the Rules of Professional Conduct were not met. Appellant contends that Dutel failed to meet his objectives which were expressed at the beginning of representation, including deposing the co-heir and moving the matter quickly to closure.
The trial court found that the fees charged by Dutel had been earned by him and were reasonable. There is substantial testimony in the record by Dutel regarding the nature and extent of the work done in this matter which warrants the fee charged. Although Touzet testified that Dutel failed to return his phone calls and that he was unhappy with the representation, Dutel's secretary refuted this testimony. We find that Dutel carried his burden of proving that the attorney's fees in this case were reasonable and not excessive, and we fail to find that the trial court abused its vast discretion in awarding Dutel for legal services rendered the amount of $10,788.78.
Accordingly, for the reasons stated herein, the judgment of the trial court insofar as it renders judgment in favor of William J. Dutel in the amount of $10,788.78, with legal interest and all costs, against Charles Touzet as administrator of the Succession of Anna Bordes Touzet is affirmed. However, the judgment of the trial court which casts Charles Touzet for attorney's fees in the sum of $1,000.00 is hereby vacated and reversed.
AFFIRMED IN PART AND REVERSED AND VACATED IN PART.