665 So.2d 547 (1995)
METROPOLITAN REPORTERS, INC. and Susan Bankston
v.
Gregory J. AVERY.
No. 95-CA-504.
Court of Appeal of Louisiana, Fifth Circuit.
November 28, 1995.
*548 Gregory J. Avery, Metairie, appellant/defendant in pro. per.
Roger I. Dallam, Greenberg & Dallam, Gretna, for appellees/plaintiffs Metropolitan Reporters, Inc. and Susan Bankston.
Before GRISBAUM, GOTHARD and CANNELLA, JJ.
CANNELLA, Judge.
Defendant, Gregory J. Avery (Avery), appeals from a judgment rendered against him in favor of plaintiffs, Metropolitan Reporters, Inc. (Metropolitan) and Susan Bankston (Bankston), in the amount of $1,553.05 plus attorney fees of $1080 and costs. For the reasons which follow, we affirm and assess attorney fees for appeal.
On numerous occasions between November 17, 1992 and March 9, 1993, Metropolitan was contacted and the services of a court reporter were requested. Metropolitan, in turn, contacted Bankston who actually performed the court reporting services and provided copies of depositions as Avery requested. Avery was billed for the court reporting services performed and transcripts provided to him in the aggregate amount of $1,553.05. Avery failed to pay this sum despite amicable demand. Metropolitan and Bankston filed suit.
After a judge trial on the merits, the trial court rendered judgment in favor of Metropolitan and Bankston and against Avery for $1553.05 plus interest, costs and *549 attorney fees of $1080. It is from this judgment that Avery appeals.
Avery alleges, in his assignments of error, that the trial court abused its discretion in setting the pre-trial conference and trial date, refusing to continue the case and denying him adequate time for discovery. He seeks reversal of the judgment on these grounds. However, Avery makes no argument and provides no particulars as to what prejudice he suffered as a result of the trial date that was set and maintained[1] and the record indicates none.
Suit was filed on September 7, 1994. Avery filed his answer, a general denial, on September 30, 1994. On October 20, 1994 counsel for Metropolitan and Bankston moved to set the case for trial. At that time issue was joined and there was no pending discovery. The notice of trial was signed on October 28, 1994 setting the trial date for February 2, 1995. The pre-trial order was signed on November 2, 1994, setting the discovery cutoff date of December 2, 1994. On November 14, 1994, Avery filed a motion to set aside the trial date and asked that the matter be continued without date, contending that he would not have adequate time for discovery. A hearing on Avery's motion was scheduled for and held on January 9, 1995. Up to that time, Avery had made no attempt at discovery of any kind. Metropolitan and Bankston opposed Avery's motion to set aside the trial date and to continue the case without date arguing that in the absence of notice of what discovery was sought, coupled with defendant admitting the debt in a letter, he was just attempting to delay the legal process. Furthermore, Metropolitan and Bankston agreed to waive any timeliness objections to Avery's discovery. The trial court ruled against Avery and refused to vacate the trial date. We find no error in this ruling.
The decision to grant a continuance rests in the discretion of the trial court. La.C.C.P. art. 1601. The trial court's ruling on a motion for a continuance will not be disturbed on appeal absent a clear showing of abuse of that discretion. Matter of Leaman, 94-119 (La.App. 5th Cir.1994), 643 So.2d 1286. No such showing was made in this case.
Avery has set forth no particulars as to what discovery he needed or was unable to obtain. The record indicates that from the date of answer up to trial, Avery made no attempt at any discovery. Based on the record, we see no abuse in the trial court's vast discretion to manage its docket, in the trial court's action denying Avery's motion to set aside and continue the trial date.
Avery argues that Bankston had no right of action against him and that the judgment should therefore be set aside because it was awarded 80% to Bankston and 20% to Metropolitan. We disagree.
Avery dealt with Metropolitan, a court reporting business. Metropolitan, in turn, contacted Bankston, a court reporter, who attended various depositions, typed transcripts and sent them to Avery at his request. Between Metropolitan and Bankston, they had agreed to a 20%-80% split, respectively, from Avery. Metropolitan prepared and sent the invoices to Avery based on information of services performed by Bankston. Metropolitan and Bankston together hired an attorney to collect the debt owed by Avery in this regard. The attorney made amicable demand of Avery by letter with copies of the invoices attached. Avery responded that he was aware that he owed payment on the invoices. Metropolitan and Bankston filed suit on open account against Avery for payment of these invoices.
At trial it was established that Bankston transcribed the depositions, indicated such on the invoices and sent copies to Avery at his request. Avery offered no evidence to rebut this, contending that he could not remember. Judgment was rendered orally after trial against Avery in the total amount due on the invoices, $1,553.05. In the written judgment, the trial court further provided that the recovery was to be divided with 20% going to Metropolitan and 80% going to Bankston. We find no reason to set aside this judgment, *550 which the record establishes is clearly due and owing by Avery.
Next, Avery argues that attorney fees were improperly awarded. He argues that attorney fees should not have been awarded in this case under La.R.S. 9:2781 as a suit on open account and, in the alternative, that the attorney fees were excessive. We disagree with both points.
First, this was clearly a suit on open account within La.R.S. 9:2781[2]. Professional services were performed over a period of time for transcription in which the fee was left open depending on the work performed. Demand was made on seven invoices, setting forth the court reporting services that had been performed by Bankston for Avery. La. R.S. 9:2781, authorizes the court to award "reasonable attorney fees for the prosecution and collection of such a claim when judgment on the claim is rendered in favor of the claimant.".
Avery argues that because Metropolitan did not assert all of the claims it had against him at this time, attorney fees should not be awarded. We disagree.
Whatever the consequences of Metropolitan not asserting all of its claims against Avery in this action, it does not change the fact that this is a suit on open account for which attorney fees are authorized.
Avery argues that the attorney fees awarded were excessive since they amounted to over 69% of the judgment and Metropolitan and Bankston only requested 25% attorney fees in the petition.
The trial court is not bound by the pleadings in the petition regarding the request for attorney fees. Metropolitan and Bankston could not have known, upon filing the petition, how much attorney time would ultimately be required before conclusion of this case. As it turns out, they were forced to go to trial in the matter, even though Avery had previously admitted liability by letter. Their counsel testified that more fees were incurred after the filing of the petition.
La.R.S. 9:2781 requires the award of reasonable attorney fees in a suit on open account. The amount awarded in such cases is left to the sound discretion of the trial judge and should not be disturbed on appeal absent a showing of abuse of discretion. The factors to be considered by the trial court in making an award of attorney's fees are: "ultimate result obtained; responsibility incurred; importance of the litigation; amount involved; extent and character of labor performed; legal knowledge; attainment and skill of the attorney; number of appearances made; intricacies of facts and law involved; diligence and skill of counsel; court's own knowledge; and ability of party liable to pay." S. Jackson & Son, Inc. v. Aljoma Lumber, Inc., 93-2531 (La.App. 4th Cir. 5/26/94), 637 So.2d 1311; Julius Cohen Jeweler, Inc. v. Succession of Jumonville, 506 So.2d 535 (La.App. 1st Cir.1987) writ denied 511 So.2d 1155 (La).
Here, Metropolitan and Bankston's counsel submitted a detailed account of the total time he had spent on the case. The amount awarded was not an arbitrary figure but was calculated by the trial judge based on the time statement and testimony of the attorney, as well as her own observations of the court proceedings and necessary appearances.
Moreover, there is no requirement in the statute that the attorney fees be tailored to the amount awarded. For example, in the case of S. Jackson & Son v. Aljoma Lumber, supra., attorney fees of $750 were affirmed for the collection of a $540 debt. Therefore, we find that Avery's arguments concerning the attorney fees awarded in this case have no merit.
Metropolitan and Bankston answered the appeal requesting additional attorney fees for legal work on the appeal and for damages for the filing of a frivolous appeal. *551 While we do not find Avery's appeal was taken solely for delay or lacking in sincerity such that the appeal is deemed frivolous and damages should be awarded for its filing, we do find that Metropolitan and Bankston are entitled to additional attorney fees for having to defend the case on appeal. Considering the time and effort that obviously went into the brief and argument to this court, we award them an additional $500 for attorney fees on appeal.
Accordingly, for the reasons stated above the judgment of the trial court is affirmed and an additional $500 for appeal attorney fees and costs of appeal are assessed against Avery.
AFFIRMED.
NOTES
[1] When Avery notified the trial court that he would not be able to attend trial as set because of his father's surgery, the trial was continued to February 24, 1995.
[2] LA R.S. 9:2781 provides in pertinent part:

A. When any person fails to pay an open account within fifteen days after receipt of written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant.