951 So.2d 1162 (2007)
The TROTH CORPORATION d/b/a Personnel Consulting Group
v.
DEUTSCH, KERRIGAN & STILES, L.L.P.
No. 2006-CA-0457.
Court of Appeal of Louisiana, Fourth Circuit.
January 24, 2007.
*1163 David M. Prados, Lowe, Stein, Hoffman, Allweiss & Hauver, L.L.P., New Orleans, Louisiana, for Plaintiff/Appellee.
*1164 Joseph L. McReynolds, Kerrie T. Belsome, Deutsch, Kerrigan & Stiles, L.L.P., New Orleans, Louisiana, for Defendant/Appellant.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge JAMES F. McKAY III, Judge TERRI F. LOVE, Judge MAX N. TOBIAS, JR., Judge LEON A. CANNIZZARO, Jr.).
JAMES F. McKAY, III, Judge.
The defendant, Deutsch, Kerrigan & Stiles, L.L.P. ("DKS"), appeals the trial court's award of attorney fees and costs to the plaintiff, the Troth Corporation d/b/a Personnel Consulting Group ("PCG"). For the reasons assigned, we affirm.
FACTS AND PROCEDURAL HISTORY
PCG, a professional personnel placement firm, filed suit against DKS, a New Orleans law firm, for a fee owed PCG for placement of the director of administration at DKS.[1] On November 7, 2003, the trial court rendered judgment in favor of PCG. The judgment rendered was in the amount of PCG's claimed damages of $33,000.00 plus costs and judicial interest, but did not include an award of attorney fees. PCG filed a motion for new trial, asking that the court reconsider its refusal to award attorney fees and that it also set the date from which interest was to run. The trial court declined to award attorney fees, but ruled that interest would run from the date suit was filed by PCG. DKS appealed the November 7, 2003 judgment.
In an unpublished opinion on January 26, 2005, this court affirmed the trial court's award of $33,000.00 to PCG. We amended the judgment to order that judicial interest accrue from the date demand was first made on DKS. We reversed the trial court, however, with regard to the award of attorney fees, and remanded for a determination of reasonable attorney fees. DKS's motion for rehearing was denied. The Troth Corporation d/b/a Personnel Consulting Group v. Deutsch, Kerrigan & Stiles, L.L.P., XXXX-XXXX (La.App. 4 Cir. 1/26/05, 893 So.2d 237), unpub.
After the matter was remanded, DKS paid the trial court's award of $33,000.00 plus interest. Attorney fees were not paid. Pursuant to a motion to set fees and costs filed by PCG, the trial court rendered judgment on July 25, 2005, awarding PCG $31,595.90 in attorney fees and costs as follows: $22,654.65 in costs and fees up to the end of trial; $2,140.58 for the motion for new trial; $5,828.92 for the appeal; and $971.78 for the motion for rehearing filed by DKS. Additionally, PCG was awarded $500.00 in attorney fees for the motion to set fees and costs.
DKS's suspensive appeal of the July 25, 2005, judgment followed. PCG filed an answer to the appeal seeking additional attorney fees and damages against DKS for the filing of what PCG alleges to be a delaying and meritless appeal. On appeal, DKS asserts two assignments of error. First, the trial court awarded unreasonable and excessive attorney fees and costs. Second, the trial court awarded attorney fees and costs not permitted under La. R.S. 9:2781, which limits fees to those incurred in the prosecution and collection of the plaintiff's claim.
DISCUSSION
This case is undisputedly a suit on open account. Pursuant to the open account *1165 statute, La. R.S. 9:2781(A), when any person fails to pay an open account within fifteen days after receipt of written demand therefore correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant.
Because an award for attorney fees is exceptional and penal in nature, the statute must be strictly construed and its provisions fully complied with before an award of attorney fees may be made. Montgomery Stire & Partners, Inc. v. London Livery, Ltd., 99-3145, p. 6 (La. App. 4 Cir. 9/20/00), 769 So.2d 703, 706, citing Frank L. Beier Radio, Inc. v. Black Gold Marine, 449 So.2d 1014 (La.1984). In order to recover attorney fees in an action on open account, the party seeking the attorney fees is required to produce evidence to show that the amount owed was correctly set forth in a demand letter and was supported by invoice(s). Id.
The trial court is vested with great discretion in arriving at an award of attorney fees. The exercise of this discretion will not be reversed on appeal without a showing of clear abuse of discretion. Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1070 (La.1983); Walker, Tooke & Lyons, L.L.P., 37,966, p. 9 (La.App. 2 Cir. 12/10/03), 862 So.2d 414, 420; Deutsch, Kerrigan & Stiles v. Fagan, 95-0811, 95-0812 (La.App. 1 Cir.12/15/95), 665 So.2d 1316, 1323.
The factors to be considered by the trial court in making an award of attorney fees are: "ultimate result obtained; responsibility incurred; importance of the litigation; amount involved; extent and character of labor performed; legal knowledge; attainment and skill of the attorney; number of appearances made; intricacies of facts and law involved; diligence and skill of counsel; court's own knowledge; and ability of party liable to pay." S. Jackson & Son, Inc. v. Aljoma Lumber, Inc., 93-2531 (La.App. 4 Cir. 5/26/94), 637 So.2d 1311, 1313.
In the present case, PCG presented the trial court with a Ledger History prepared by its attorneys, Lowe, Stein, Hoffman, Allweiss & Hauver, L.L.P., showing fees and costs incurred in connection with PCG's action against DKS in the amount of $31,595.90. The trial court reviewed the evidence and awarded PCG the entire amount requested plus $500.00 attorney fees and costs in connection with the motion to set.[2] The billing records of PCG's attorneys reflect work performed from April 4, 2002 through March 7, 2005. PCG maintains that the award of attorney fees was not excessive considering the matter involved a two day trial, the taking of four depositions, at least two attempts at settlement meetings, and post-trial appearances on the motion for new trial and on DKS's first appeal. We agree.
It is clear from the record that DKS has not questioned the billing records presented by the attorneys for PCG. In fact, in its opposition to PCG's motion to set fees and costs, DKS specifically stated that it does not challenge the accuracy of the hours PCG's attorneys may have spent on this case.
After our own review of the record, we find that the evidence supports the award *1166 of attorney fees. Considering the time and effort involved in litigating this matter, we conclude that the award is not excessive. Moreover, the trial judge was involved in this lawsuit from the beginning and had extensive knowledge of the facts and the amount and quality of work performed by counsel for PCG when it ruled. Accordingly, we find no abuse of discretion.
DKS submits that the attorney fees award is also unreasonable because it is not confined to attorney fees for the actual prosecution of PCG's claim as provided by La. R.S. 9:2781. More specifically, DKS asserts that the award should not have included attorney fees for PCG's motion for new trial, PCG's appeal of the trial court's denial of motion for new trial, and PCG's motion to set fees and costs. We note that DKS cites no authority in support of this argument.
La. R.S. 9:2781 provides that attorney fees are owed for the prosecution and collection of a claim due on open account. In the present case, the attorney fees awarded by the trial court were clearly rendered in connection of PCG's prosecution and collection of its claim against DKS. Accordingly, we find no merit in DKS's second assignment of error.
Finally, PCG filed an answer to this appeal, seeking additional attorney fees and costs in connection with this appeal. PCG asserts that it is also entitled to damages for having to defend a meritless appeal pursuant to La. C.C.P. 2164.
La. C.C.P. art. 2164, which allows damages for a frivolous appeal, is penal in nature and must be strictly construed in favor of the appellant. Levy v. Levy, XXXX-XXXX, pp. 17-18 (La.App. 4 Cir. 10/2/02), 829 So.2d 640, 650. Appeals are favored in the law and no penalties should be awarded for a frivolous appeal unless it is manifestly clear that the appeal was taken solely for delay or that the appealing counsel does not sincerely believe in the view of the law that he is advocating. Haney v. Davis, XXXX-XXXX, p. 11, (La.App. 4 Cir. 1/19/06), 925 So.2d 591, 598. Any doubt regarding the frivolous nature of an appeal must be resolved in favor of the appellant. Id.
As stated in Tillmon v. Thrasher Waterproofing, XXXX-XXXX, p. 8 (La.App. 4 Cir. 3/28/01), 786 So.2d 131, 137, this court is reluctant to grant frivolous appeal damages because of the chilling effect it may have on the appellate process. Applying the rule of strict construction against PCG, and considering the record in the present case, we do not find that this appeal is unquestionably frivolous; and, under the circumstances, damages are not warranted.
CONCLUSION
The judgment of the trial court is affirmed.
AFFIRMED.
TOBIAS, J., concurs in part and dissents in part.
CANNIZZARO, J., dissents with reasons.
TOBIAS, J., concurring in part and dissenting in part.
I respectfully concur in the majority's decision almost in its entirety, but dissent in one small part. I find that we are required to award The Troth Corporation additional attorney's fees for the defense of this appeal, and would have increased *1167 the attorney's fees award to The Troth Corporation by $1,000.00. Accordingly, I would have amended the judgment and as amended affirmed the judgment.
CANNIZZARO, J., dissenting.
I respectfully dissent from the majority opinion. I think that the full amount of the attorneys' fees awarded in this case was not proven and was excessive.
In Kem Search, Inc. V. Sheffield, 434 So.2d 1067, 1070 (La.1983), the Louisiana Supreme Court stated in a suit involving La. R.S. 9:2781 that "[t]he trial court is given discretion in setting this award, but excessive attorney's fees are prohibited by disciplinary rules of this court." In Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc., 449 So.2d 1014,1015-16 (La.1984), the Supreme Court further stated that La. R.S. 9:2781 should be strictly construed, "because the award of attorney fees is exceptional and penal in nature."
In S. Jackson & Son, Inc. v. Aljoma Lumber, Inc., 93-2531 (La.App. 4 Cir. 5/26/94), 637 So.2d 1311, 1313, this Court discussed the factors to be considered by the trial court in making an award of attorney's fees. The factors included the following: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount involved; (5) the extent and character of the labor performed; (6) the legal knowledge required; (7) the attainment and skill of the attorney; (8) the number of appearances made; (9) the intricacies of the facts and law involved; (10) the diligence and skill of the attorney; (11) the court's own knowledge; and (12) the ability to pay of the party who is liable for the attorney's fees. See also Hoskins v. Ziegler, 506 So.2d 146, 148 (La.App. 4th Cir.1987).
In Dutel v. Touzet, 94-0978 (La.App. 4 Cir. 1/19/95), 649 So.2d 1084, this Court considered the evidence required for a claimant to carry his burden of proof for purposes of an award of attorneys' fees under La. R.S. 9:2789. This Court held that an attorney, who was the claimant on a suit on an open account, proved his entitlement to his fees in collecting on the account. This Court found that the hourly rate, to which the parties agreed, was not excessive. Additionally, there was "substantial testimony in the record . . . regarding the nature and extent of the work done in the matter which warrants the fee charged." 649 So.2d at 1087.
In the instant case, however, there was no testimony from the Personnel Consulting Group regarding the factors that courts are to consider in determining the reasonableness of attorneys' fees. The only evidence of the attorneys' fees in the record before us consists of (1) a ledger listing the attorneys' fees and costs that were charged to the Personnel Consulting Group for the time period from April 4, 2002, until May 9, 2005, (2) copies of invoices for four depositions, and (3) itemized statements of Lowe, Stein, Hoffman, Allwiess & Hauver, L.L.P. dated September 8, 2004, October 12, 2004, November 8, 2004, December 6, 2004, January 12, 2005, and February 10, 2005. Although this documentary evidence established the amount of the fees billed to the Personnel Consulting Group, there is no evidence in the record before us upon which a determination regarding several of the factors set forth in the S. Jackson & Sons case can be made. The list of the statement amounts contains no information regarding these factors, and the itemized statements, which together total only about $6,000 of the $31,595.90 award made by the trial court, contain minimal information from *1168 which a determination regarding these factors can be made.[1]
With respect to the amounts explained on the itemized statements, I cannot say that the trial court judge abused her discretion in including those amounts in the award she made. With respect to the majority of the award, however, I think that the trial court judge abused her discretion in making an award based on the amounts listed in the ledger that were not even supported by a minimally sufficient itemized statement. There was nothing in the ledger to explain what services were rendered or the amount of time it took to render those services, and these were the services that were rendered prior to and during the trial, when the bulk of the legal work was done. Certainly, there was nothing to indicate whether the fees and charges listed on the ledger were reasonable.
Nevertheless, I think that the Personnel Consulting Group is entitled to reasonable attorneys' fees under La. R.S. 9:2781. In its brief, Deutsch Kerrigan suggested that $15,825.00 in attorneys' fees and costs is "more than reasonable" under the circumstances. Deutsch Kerrigan also stated in its brief that it had no way to challenge the accuracy of the attorneys' calculation of the number of hours of professional services that were rendered. Deutsch Kerrigan contends, however, that the attorneys' fees in this case were excessive considering the factors set forth in the Hoskins case, which were reiterated in the S. Jackson & Sons case.
I agree. Because I think that the trial court judge abused her discretion in awarding part of the attorneys' fees, I think that a review of the record should have been conducted to determine what would constitute reasonable attorneys' fees in this case.
NOTES
[1] It was undisputed that the amount of the fee, $33,000.00, represented 30% of the employee's first year salary.
[2] Although not an issue on this appeal, the trial court denied PCG's request for costs associated with the taking of four depositions.
[1] For example, entries on the itemized statements include such things as "legal research," "prepare brief," and "review record" and do not give the details of what this work involved.