PATRICIA RIVET MURRAY, Judge.
h Defendant Michael Rusher appeals the trial court’s judgment awarding principal, interest and attorney’s fees to Discover Bank on an open account. For the reasons that follow, we reduce the amount of attorney’s fees awarded and affirm the judgment in all other respects.
FACTS AND PROCEEDINGS BELOW
On July 31, 2009, Discover Bank filed a petition in First City Court for the City of New Orleans against individual account holder Michael Rusher alleging Mr. Rusher had defaulted on his credit card agreement and owed Discover Bank the outstanding balance of $19,900.41, plus 18% interest from April 30, 2009, and 25% attorney’s fees. On December 17, 2009, Discover Bank filed a motion for summary judgment and supporting documents asserting it was entitled to recover these same amounts. In his memorandum in opposition to the motion, Mr. Rusher did not contest the principal and interest owed but contended only that the amount of attorney’s fees demanded was unreasonable. The trial court heard the matter on March 4, 2010, and granted summary judgment the same day in favor of Discover 1 j>Bank for the amounts of principal and interest demanded, as well as 20% of the aggregate of principal and interest in attorney’s fees, which amounted to $4584.62 on the date of judgment. From this judgment, Mr. Rusher appeals.
ISSUES
The sole issue raised by the appellant is whether the amount of attorney’s fees awarded is excessive. In its appellee brief, Discover Bank argues that 20% in attorney’s fees is reasonable and also seeks additional attorney’s fees for the defense of this appeal. Because Discover Bank did not file an answer to the appeal, however, we are precluded from modifying the judgment in its favor. See La. C.C.P. art. 2133; Weber v. Crescent Ford Truck Sales, Inc., 393 So.2d 919, 924 (La.App. 4 Cir. 1981). Accordingly, we address only the issue raised by the appellant.
DISCUSSION
Appellate courts review the granting of summary judgment de novo using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Lomax v. Ernest Morial Convention Center, 07-0092, p. 1 (La.App. 4 Cir. 7/11/07), 963 So.2d 463, 464-65.
La. R.S. 9:2781 provides, in pertinent part:
A. When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Citation and service of a petition shall be deemed written demand for the purpose of this Section. If the claimant and his attorney have expressly agreed that the debt- or shall be liable for the claimant’s attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment Lon the claim is rendered in favor of the claimant. Receipt of written demand by the person is not required.
*653 In the instant case, the credit card agreement provides, in pertinent part:
Consequences of Default. If you [the cardmember] are in default, we [Discover Bank] may declare the entire balance of your Account immediately due and payable without notice. If we refer the collection of your account to an attorney or employ an attorney to represent us with regard to recovery of money that you owe us, we may charge you reasonable attorneys’ fees and court or other collection costs as permitted by law and as actually incurred by us, including fees and costs in connection with any appeal.
The trial court is vested with great discretion in arriving at an award of attorney’s fees, the exercise of which will not be reversed on appeal absent a showing of clear abuse of that discretion. Troth Corp. v. Deutsch, Kerrigan & Stiles, 06-0457 (La.App. 4 Cir. 1/24/07), 951 So.2d 1162, 1165 (Citations omitted). The factors to be considered by the trial court in making an award of attorney’s fees include the “ultimate result obtained; responsibility incurred; importance of the litigation; amount involved; extent and character of labor performed; legal knowledge; attainment and skill of the attorney; number of appearances made; intricacies of facts and law involved; diligence and skill of counsel; court’s own knowledge; and ability of party liable to pay.” Id., p. 3, 951 So.2d at 1165 (quoting S. Jackson & Son, Inc. v. Aljoma Lumber, Inc., 93-2531 (La.App. 4 Cir. 5/26/94), 637 So.2d 1311, 1313).
Mr. Rusher argues that the amount of attorney’s fees awarded herein is unreasonable because the trial court had no evidentiary basis for the award. He points out that Discover Bank failed to produce any evidence showing the actual hours spent and/or attorney’s fees charged in support of its motion for summary JjJudgment.[1] Mr. Rusher also argues that the trial court’s oral reasons at the conclusion of the hearing demonstrate that the court failed to consider the factors listed in Troth, supra, particularly Mr. Rusher’s pauper status.[2] More specifically, the appellant points to the trial court’s comments indicating that in some collection cases, usually those involving smaller accounts, the attorney’s fees awarded are not sufficient to cover the work done, so that by awarding a larger fee in a case such as the instant one, “It kind of works out. Of course, it’s not fair to your client [Mr. Rusher] that it happens that way.” Mr. Rusher argues that these comments prove that the trial court considered an improper “balancing” factor in rendering the attorney’s fee award. Additionally, Mr. Rusher contends that the contractual agreement between him and Discover Bank requires that any award of attorney’s fees be based upon the fees “actually incurred,” of which no proof was submitted in this case. Finally, Mr. Rusher urges that $4584.62 is an unreasonably high amount of attorney’s fees considering that this is a simple open account case with ho complex issues of law or fact. He therefore urges us to reduce the award to $250.00.
*654 In response to the appellant’s arguments, Discover Bank asserts that Louisiana courts have repeatedly upheld 25% attorney’s fees as being reasonable in open account cases. See, e.g.: Cline v. George Kellett & Sons, Inc., 96-456 (La.App. 5 Cir. 11/14/96), 685 So.2d 206; Blue Streak Enterprises v. Cherrie, 263 So.2d 734 (La. App. 4 Cir.1972); Cardinal Wholesale Supply, Inc. v. Rainbow Floor Covering, Inc., 432 So.2d 419 (La.App. 1 Cir.1983); Dyna International Corporation v. Mash-bum, 397 So.2d 1080 (La.App. 4 Cir.1981); Monlezun v. Fontenot, 379 So.2d 43 (La. App. 3 Cir.1979); Metropolis, Inc. v. Hanson, 434 So.2d 1207 (La.App. 1 Cir.1983). Additionally, the appellee notes that the principal amount owed is sizable in this case, and that Mr. Rusher’s counsel filed numerous discovery requests,[3] which necessitated responses from counsel for Discover Bank.
Considering these arguments, we agree with the appellant that the trial court does not appear to have considered all the pertinent factors (as listed in Troth, supra) in determining that 20% attorney’s fees were appropriate in the instant case, but apparently did rely, at least partially, on an inappropriate “balancing” factor. However, we also agree with the appellee that, according to the jurisprudence, an award of 20% attorney’s fees in an open account case is not per se unreasonable. Because we review summary judgments de novo, this court has an obligation to examine the instant record for evidence of the Troth factors in order to determine whether the trial court abused its discretion.
Although Discover Bank did not put forth any evidence as to the hours spent or the attorney fees actually paid, the record shows that its counsel did the following:
(1)Issued a demand letter;
(2) Prepared and filed in the trial court the following: a Petition and Request for Admission of Fact (2 pages), a Motion and Memorandum in Support of Summary Judgment (6 pages), Interrogatories (2 pages), a Reply | f,Memorandum (2 pages), and a Request for Genuineness of Document and for Production of Document (1 Page);
(3) Represented plaintiff at the Summary Judgment hearing (7-page transcript).
Therefore the record demonstrates that some amount of fees that is reasonable for these services was actually incurred, which in our view satisfies the language contained in the contractual agreement between the parties. Considering the other factors, we note that a favorable result was obtained and that the amount owed by the defendant (nearly $20,000.00) is sizable, which factors weigh in favor of the plaintiff. Conversely, the relative simplicity of the legal and factual issues involved in this case; the amount of legal work done, which consisted of approximately fifteen pages of documents and one brief court appearance; and the defendant’s inability to pay all weigh in favor of Mr. Rusher.
Considering all the circumstances, we conclude that the trial court abused its discretion by awarding $4582.62, which we find to be an unreasonably high amount of attorney’s fees given the facts of the instant case. Accordingly, we reduce the amount of attorney’s fees awarded to $1000.00.
CONCLUSION
For the reasons stated, the judgment of the trial court is amended to reduce the amount of attorney’s fees awarded to *655 $1000.00; in all other respects, the judgment is affirmed.
AMENDED AND AFFIRMED.

. At the summary judgment hearing, in response to the trial judge's question, counsel for Mr. Rusher confirmed that he had propounded discovery to opposing counsel requesting information as to how much labor time had been spent on the case, but the response had been an objection to that interrogatory as calling for a legal opinion and/or being irrelevant. Counsel for Discover Bank, who indicated he was “standing in” for the Bank's regular attorney, did not refute the assertion of Mr. Rusher’s counsel in this regard.

. The record contains an order signed by the trial court permitting the unemployed Mr. Rusher to proceed in forma pauperis. In his brief, Mr. Rusher also notes he is represented by pro bono counsel in this litigation.

. These discovery requests do not appear in the record.