STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1347

SCOFIELD, GERARD, SINGLETARY &
POHORELSKY, L.L.C.

VERSUS

THOMAS BARR, IV

**********
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 2009-3571
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of Billy Howard Ezell, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED.**

Genovese, J., concurs in part, dissents in part, and assigns written reasons.

**Thomas Barr, IV, Attorney at Law**
**3855 Noyac Road**
**Sag Harbor, NY 11963**
**(631) 725,7447**
      Thomas Barr, IV/Appellant Pro Se

**Kevin P. Fontenot**
**Scofield, Gerard, Singletary & Pohorelsky, L.L.C.**
**901 Lakeshore Drive, Suite 900**
**Lake Charles, LA 70601**
**(337) 433-9436**
**Counsel for Plaintiff/Appellee:**
      Scofield, Gerard, Singletary & Pohorelsky, L.L.C.

**PAINTER, Judge.**

Plaintiff, the law firm of Scofield, Gerard, Singletary, and Pohorelsky, L.L.C. (The Scofield Firm), filed suit against Defendant, Thomas Barr, IV (Barr), to recover unpaid legal fees. The trial court granted summary judgment in favor of Plaintiff, and Defendant appealed. Plaintiff filed an answer to the appeal, seeking damages for frivolous appeal and additional attorney's fees. For the following reasons, we affirm the trial court's judgment and decline to award any damages for frivolous appeal or additional attorney's fees.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2008, Barr retained the Scofield Firm to represent him and his company, Thomas Barr IV Louisiana Properties General, LLC, relative to several legal disputes arising out of his business dealings in Louisiana. Barr had been a client of the Scofield Firm since 2006. Barr, himself an attorney licensed to practice law in Louisiana, is a resident of the State of New York. Phillip DeVilbiss, a partner in the Scofield Firm, was the attorney primarily responsible for Barr's files. In February 2009, Barr and DeVilbiss had a dispute over whether certain correspondence should be sent out under Barr's own signature. Unable to resolve the conflict, Barr signed written consents to DeVilbiss's withdrawal from five separate matters, and Barr was enrolled as the sole counsel of record. While the parties dispute the circumstances surrounding the withdrawal, with the Scofield Firm asserting that it was at the instruction of Barr and with Barr asserting that it was unexpected, it is undisputed that Barr signed multiple consents to withdraw.

At the time the Scofield Firm's representation of Barr was discontinued, there was an alleged balance of $16,665.57 in outstanding legal fees. On June 9, 2009, the Scofield firm sent a demand letter to Barr for payment of the fees. No payment was made. The Scofield Firm then filed suit against Barr in July 2009. In response, Barr filed an exception of lack of personal jurisdiction which was denied by the trial court. Barr then filed an answer in which he alleged, as affirmative defenses, that the amount allegedly owed was erroneous since "Plaintiff failed to adequately render the

1

services for which [it] had been retained" and that the Scofield Firm was not entitled to an award of attorney's fees because the underlying claim on open account was invalid. The Scofield Firm then filed a motion for summary judgment supported by the following evidence: (1) the affidavit of Phillip DeVilbiss identifying the invoices and confirming the amount of unpaid legal fees and the amount of legal fees incurred by the Scofield Firm in the prosecution of this matter, (2) copies of all unpaid invoices, (3) copies of engagement letters signed by Devilbiss and Barr, (4) copies of written consents to withdraw signed by Barr, and (5) a copy of the demand letter sent to Barr. In opposition, Barr filed his own affidavit alleging that the withdrawal by the Scofield Firm was unexpected, without adequate warning, and arbitrary and capricious. The trial court granted the motion for summary judgment in favor of the Scofield Firm in the full amount of $16,665.57 and awarded attorney's fees in the amount of $15,000.00, plus judicial interest from the date of judgment and all costs of the proceedings. Barr now appeals, alleging that summary judgment is improper because the Scofield Firm "failed to meet its initial evidentiary burden of establishing the accuracy of the underlying account in its open account claim," that his affidavit established the existence of genuine issues of material fact, and that the award of attorney's fees was improper. The Scofield Firm has answered the appeal alleging that the appeal is frivolous and seeking additional attorney's fees incurred in the defense of this appeal as well as damages for frivolous appeal. For the following reasons, we affirm the trial court's grant of summary judgment and the award of attorney's fees in favor of the Scofield Firm. However, we decline to find that this appeal is frivolous and do not make any award for damages or award any additional sums for attorney's fees incurred in defense of this appeal.

## DISCUSSION

It is well settled that we review the trial court's grant of a motion for summary judgment de novo under the same criteria that governed the trial court's consideration of whether summary judgment is appropriate. *Chrysler Fin. Co., L.L.C. v. Gene Ducote Auto., LLC*, 04-1223 (La.App. 5 Cir. 3/1/05), 900 So.2d 119. Moreover,

2

La.Code Civ.P. art. 966 provides that a motion for summary judgment is properly granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law."

In *Metal Coatings, LLC v. Petroquip Energy Services, LP*, 06-1108, p. 4 (La.App. 3 Cir. 11/21/07), 970 So.2d 695, 698, we stated:

> In order to prevail in a suit on an open account, the creditor must first prove the account by showing that the record of the account was kept in the course of business and by introducing evidence regarding its accuracy. Once a prima facie case has been established by the creditor, the burden shifts to the debtor to prove the inaccuracy of the account or to prove the debtor is entitled to certain credits. *Jacobs Chiropractic Clinic v. Holloway*, 589 So.2d 31 (La.App. 1 Cir.1991).

Louisiana Code of Civil Procedure Article 966 provides that the moving party on a summary judgment bears the burden of proving that there are no genuine issues of material fact. Once that prima facie showing is made, the burden then shifts to the nonmoving party to rebut it. *Townley v. City of Iowa*, 97-493 (La.App. 3 Cir. 10/29/97), 702 So.2d 323. In support of its motion for summary judgment, the Scofield Firm submitted: (1) the affidavit of Phillip DeVilbiss identifying the invoices and confirming the amount of unpaid legal fees and the amount of legal fees incurred by the Scofield Firm in the prosecution of this matter, (2) copies of all unpaid invoices, (3) copies of engagement letters signed by Devilbiss and Barr, (4) copies of written consents to withdraw signed by Barr, and (5) a copy of the demand letter sent to Barr. Barr submitted only his own self-serving affidavit. We have reviewed the record and are satisfied that Barr has raised no genuine issue of material fact regarding the amount owed. Nor has Barr filed any reconventional demand or asserted any affirmative defenses that raises any genuine issues of material fact that would defeat summary judgment. Therefore, we reach the same conclusion as the court below, that there are no genuine issues of material fact and that the Scofield Firm is entitled to judgment as a matter of law.

An award of reasonable attorney fees to the successful plaintiff in a suit on an open account is authorized by La.R.S. 9:2781. It is clear that the amount of attorney's

3

fees awarded is left to the sound discretion of the trial court. On appeal, we should not disturb the amount of attorney's fees awarded absent a showing of abuse of discretion. *Metro. Reporters, Inc. v. Avery*, 95-504 (La.App. 5 Cir. 11/28/95), 665 So.2d 547. Several factors, including the ultimate result obtained, the nature of the case, the amount of time and skill involved and the ability of the party liable to pay, are to be considered in determining the reasonableness of the amount of attorney's fees awarded. *Id.* We find no abuse of discretion in the trial court's award of $15,000 in attorney fees.

Finally, we consider the Scofield Firm's claim for frivolous appeal damages and additional attorney's fees. In *Sigler v. Grace Offshore Co.*, 95-357, p. 6 (La.App. 3 Cir. 10/4/95), 663 So.2d 212, 215, this court quoted *Jackson v. East Baton Rouge Parish School Board*, 348 So.2d 739, 741 (La.App. 1 Cir.1977), as follows:

> [Louisiana Code of Civil Procedure] Article 2164 authorizes a claim for damages for frivolous appeal, but its provisions are penal in nature and must be strictly construed. Appeals are favored, and the imposition of penalties for a frivolous appeal will not be granted unless they are clearly due. Damages for frivolous appeal will not lie unless it manifestly appears that the appeal was taken solely for delay or that appealing counsel does not seriously believe in the position he advocates, even though the appeal lacks merit.

While Barr's appeal lacks merit, we find that he did believe in the position he asserted. As this was a devolutive appeal rather than a suspensive appeal, it cannot be said that the appeal was taken solely for delay. Accordingly, we deny the Scofield Firm's request for damages for frivolous appeal and additional attorney's fees.

### DECREE

For all of the foregoing reasons, we affirm the trial court's grant of summary judgment in favor of the Scofield Firm for $16,665.57 for the unpaid invoices and $15,000.00 in attorney's fees. We do not find that this appeal was frivolous and therefore decline to award any damages for frivolous appeal or additional attorney's fees. All costs of the appeal are assessed to Defendant/Appellant, Thomas Barr IV.

**AFFIRMED.**

4

SCOFIELD, GERARD, SINGLETARY &
POHORELSKY, L.L.C.

VERSUS

THOMAS BARR, IV

**GENOVESE, J., concurs in part, dissents in part, and assigns the following reasons.**

This is a collection suit on open account wherein the trial court granted Plaintiff's motion for summary judgment and awarded Plaintiff $16,665.57 plus legal interest and costs for unpaid legal work performed by Plaintiff for its legal representation of Defendant. The trial court also awarded $15,000.00 in attorney fees to Plaintiff for its legal work performed in this collection suit. Defendant appealed, and Plaintiff answered the appeal, seeking damages for frivolous appeal and also additional attorney fees for work done on appeal. The majority affirms the trial court in all respects and denies damages for frivolous appeal and does not award Plaintiff attorney fees for work done on appeal.

I agree with the majority in affirming the trial court's award of $16,665.57 plus legal interest and costs. I also agree with the majority denying damages for frivolous appeal.

However, I disagree with the majority in affirming the trial court award of $15,000.00 in attorney fees on a $16,665.57 collection suit. Though I realize some extra work was needed and performed in the prosecution of this collection suit, including an additional court appearance to defeat Defendant's questionable exception of lack of personal jurisdiction, this was not an overly cumbersome, time-consuming, and complicated legal matter. In my view, the record neither supports nor

warrants such a substantial award of attorney fees in a collection case such as this. Louisiana Revised Statutes 9:2781 permits an award of "reasonable attorney fees" for the prosecution and collection of such a claim. Understanding full well that an attorney fee award should be left to the sound discretion of the trial court and should not be disturbed absent a showing of an abuse of discretion, in my view such an award constitutes a slight abuse of discretion, and it should be reduced to $7,500.00.

I likewise disagree with the majority in not awarding any attorney fees to Plaintiff for work done on appeal. Though I agree with the majority in denying damages for frivolous appeal, counsel for Plaintiff on appeal unquestionably and unequivocally had to spend time and resources (1) in reviewing the record in order to prepare for Defendant's appeal, (2) in preparing an answer to appeal, (3) in preparing an appellate court brief, and (4) in appearing and orally arguing Plaintiff's position before this court. On the one hand, the majority affirms a $15,000.00 attorney fee in a $16,665.57 collection suit; yet, on the other hand, and quite incongruously, it denies Plaintiff attorney fees for work done on appeal. I disagree and would award Plaintiff $3,000.00 for work done on appeal.