# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-1523


**CREDIT BUREAU SERVICES**

**VERSUS**

**STEVEN C. LUNDBERG**


************

APPEAL FROM THE
ALEXANDRIA CITY COURT,
PARISH OF RAPIDES, NO. 100,658
HONORABLE RICHARD E. STARLING, JR.
CITY COURT JUDGE

************

**JIMMIE C. PETERS
JUDGE**

************

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Shannon J. Gremillion, Judges.


**AFFIRMED AS AMENDED.**

**Field V. Gremillion, III**
**Post Office Box 731**
**Alexandria, LA 71309**
**(318) 445-6021**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Credit Bureau Services**


**James B. Reichman**
**Post Office Box 210**
**Alexandria, LA 71309**
**(318) 442-3419**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Steven C. Lundberg**

PETERS, J.

The plaintiff, Credit Bureau Services (Credit Bureau), appeals portions of the judgment entered in its favor against the defendant, Steven J. Lundberg. In its appeal, Credit Bureau seeks an increase in the amount of the judgment awarded and a reversal of the trial court's denial of its request for attorney fees. For the following reasons, we amend the trial court award from $17,008.50 to $27,978.50 and affirm the judgment as amended.

## DISCUSSION OF THE RECORD

The underlying facts giving rise to this litigation are not in dispute. The evidence establishes that on April 14, 2004, Mr. Lundberg presented himself to the emergency room of the Rapides Regional Medical Center (Rapides Regional) in Alexandria, Louisiana, complaining of severe pain from an attack of pancreatitis. He was admitted to the hospital on that day and was discharged on April 20, 2004. His final bill for medical services rendered over that period was $27,978.50.

On July 19, 2004, Rapides Regional assigned Mr. Lundberg's account to Credit Bureau for collection. The next day, July 20, 2004, Credit Bureau filed suit against Mr. Lundberg seeking collection of the principal amount, legal interest, and statutory attorney fees as allowed for the collection of an open account obligation. Mr. Lundberg initially filed a general denial answer to the petition, but later amended his answer to assert as an affirmative defense that "he did not consent to an account arrangement with Credit Bureau Services and/or Rapides Regional Medical Center."

Upon completion of the May 25, 2007 trial, the trial court took the matter under advisement. On July 31, 2007, the trial court issued written reasons for judgment finding that Mr. Lundberg "agreed to pay for treatment at least through the acute phase of his treatment for the first three days of treatment and owes the sum of

$17,008.50 as reflected in the bills submitted by the plaintiff." The trial court further stated that it found that the debt did not qualify as an open account and, therefore, denied Credit Bureau's request for statutory attorney fees.

**OPINION**

In its appeal, Credit Bureau asserts that the trial court erred in rejecting its request for attorney fees and in not awarding the full amount charged for medical services rendered.

*Assignment of Error Number One*

Credit Bureau argues in its first assignment of error that the trial court erred as a matter of law in finding that the indebtedness sued upon did not qualify as an open account obligation for which it could collect attorney fees as provided for in La.R.S. 9:2781. We agree. Louisiana Revised Statutes 9:2781(D) defines an open account debt as follows:

> For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916, "open account" includes any account for which a part or all of the balance is past due, *whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions.* "Open account" shall include debts incurred for professional services, *including but not limited to legal and medical services.* For the purposes of this Section only, attorney fees shall be paid on open accounts owed to the state.

(Emphasis added.)

In *Frey Plumbing Co., Inc. v. Foster*, 07-1091, (La. 2/26/08), 996 So.2d 969, the supreme court recently held that this statute must be applied as written. That being the case, we conclude that the trial court erred in concluding that the obligation sued upon was not an open account debt as defined by La.R.S. 9:2781(D).

However, determining that the trial court erred in its classification of the obligation sued upon does not end our inquiry. We must next determine whether

2

Credit Bureau is entitled to an attorney fee award in this particular litigation. A claimant is entitled to reasonable attorney fees when he secures a favorable judgment on an open account if he has strictly complied with the provisions of La.R.S. 9:2781. *Scarborough v. Nelson*, 371 So.2d 1261 (La.App. 3 Cir. 1979).

Louisiana Revised Statutes 9:2781(A) provides the procedure to be followed to be successful in an attorney fee claim involving an open account, and states in pertinent part:

> When any person fails to pay an open account *within thirty days* after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. *Citation and service of a petition shall be deemed written demand for the purpose of this Section.* If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant. Receipt of written demand by the person is not required.

(Emphasis added.) The record contains no evidence of written demand on Mr. Lundberg by Credit Bureau that would trigger the thirty day period. Additionally, Credit Bureau offered no proof at trial of citation and service.[1] That being the case, Credit Bureau failed to prove its entitlement to an attorney fee award. For reasons different from those expressed by the trial court, we find no merit in Credit Bureau's first assignment of error.

### Assignment of Error Number Two

In this assignment of error, Credit Bureau asserts that the trial court erred in not awarding judgment in the full amount charged for services rendered by Rapides

---

[1]We recognize that citation and service information may be in the trial record and may not have been provided to this court in the appeal record because of the provisions of Uniform Rules—Courts of Appeal, Rule 2-1.11. However, the fact that documents appear in the suit record does not automatically make those documents a part of the evidentiary offering at trial.

Regional. That is to say, the trial court erred in concluding that Mr. Lundberg agreed to pay for only the first three days of treatment. We agree.

The amount owing on an open account is a question of fact. *Montgomery Stire & Partners, Inc. v. London Livery*, 99-3145 (La.App. 4 Cir. 9/20/00), 769 So.2d 703. Generally, an appellate court may not set aside the factual findings of a trial court unless there is a finding of manifest error or it is clearly wrong. *Rosell v. ESCO*, 549 So.2d 840 (La.1989).

Mr. Lundberg testified at trial that on April 14, 2004, he suffered an attack of pancreatitis—an event which he had suffered from in the past. Because he was uninsured, he initially contacted a friend who worked at the LSU Medical Center in Pineville, Louisiana,[2] who informed him that going to that facility would be a waste of time because, given the hospital's situation at that time, he would simply be diverted to another hospital. Based on this information, he chose to go to the emergency room at Rapides Regional.

As a part of the Rapides Regional admission procedure, Mr. Lundberg signed a document entitled "CONDITIONS OF ADMISSION AND AUTHORIZATION FOR MEDICAL TREATMENT," a copy of which was introduced into evidence at trial. The document itself is a two-page document divided into various categories of agreement. Unfortunately, the only material legible on the copy of this pre-printed

---

[2]The LSU Medical Center in Pineville, Louisiana, is a part of Louisiana's charity hospital system.

form introduced into evidence are the category titles.[3] Nothing can be derived from the text following the category titles.

Notwithstanding the illegibility of the document, Mr. Lundberg acknowledged at trial that he probably signed it,[4] but did so because he "expected to be treated maybe for a day or two and then shipped to Huey P. Long."[5] He testified that he had informed the hospital admission personnel that he had no medical insurance and could not afford to be at the hospital. Mr. Lundberg also testified that if he had known that he was not going to be transferred to a hospital in the charity system, he would have "got up and walked out of there" because "after about the first day the pain is gone, the only treatment for pancreatitis once they arrest the pain and put a little infection, you know, treat the infection is you can't eat or drink for about a week and I can do that at home." Based on this testimony, the trial court concluded as a matter of fact that Mr. Lundberg understood that he would be financially obligated for the medical services that would be rendered at Rapides Regional and agreed to be financially liable therefor. We find no manifest error in that factual conclusion.

However, the trial court limited the amount of recovery by the hospital to three days, apparently based on Mr. Lundberg's assertion that treatment was not necessary after the first day. We do find manifest error in this factual conclusion as the hospital records establish that Mr. Lundberg daily received medical care during his hospital

_____

[3]The titles of the categories include "GENERAL," "CONSENT PROVISIONS," "EMERGENCY AUTHORIZATION," "FINANCIAL AGREEMENT," "NOTICE OF PRIVACY PRACTICES," "LEGAL RELATIONSHIP BETWEEN HOSPITAL AND PATIENT," "RELEASE OF INFORMATION," "FINANCIAL RESPONSIBILITY," "ASSIGNMENT OF BENEFITS," and "MEDICARE PATIENT CERTIFICATION."

[4]Mr. Lundberg could not specifically recall signing the form, asserting that he was in tremendous pain at the time of admission, but he suggested that the signature on the form resembled his.

[5]Huey P. Long is another name for the LSU Medical Center in Pineville, Louisiana.

confinement, beginning the first day of admission and continuing through the date of his discharge.[6] Accordingly, we amend the trial court judgment to increase the award to the plaintiff to $27,978.50.

## DISPOSITION

For the foregoing reasons, we amend the trial court judgment to award Credit Bureau Services the sum of $27,978.50. We affirm the trial court judgment rejecting Credit Bureau Services' request for attorney fees, but for reasons different from that expressed by the trial court. We assess all costs of this appeal equally between Steven C. Lundberg and Credit Bureau Services.

**AFFIRMED AS AMENDED.**

---

[6]Interestingly, Mr. Lundberg on the one hand asserts that he needed no medical treatment after the first day and, on the other hand, does not contest the hospital's statement reflecting continued treatment in the days that followed.