NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1062


GULF COAST CHEMICAL, LLC

VERSUS

ECOSPHERE TECHNOLOGIES, INC.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 91400
HONORABLE DURWOOD WAYNE CONQUE, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


ELIZABETH A. PICKETT
JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Phyllis M. Keaty, Judges.


AFFIRMED.

Stanford B. Gauthier, II
Attorney at Law
1405 West Pinhook Rd, Suite 105
Lafayette, LA  70503
(337) 234-0099
COUNSEL FOR PLAINTIFF-APPELLEE:
      Gulf Coast Chemical, LLC

Laura Hart Bryan
Crawford Lewis, PLLC
P.O. Box 3656
Baton Rouge, LA 70821-3656
(225) 343-5290
COUNSEL FOR DEFENDANT-APPELLANT:
      Ecosphere Technologies, Inc.

**PICKETT, Judge.**

The defendant, Ecosphere Technologies, Inc., appeals a judgment of the trial court awarding the plaintiff, Gulf Coast Chemical, LLC, $42,435.00 plus interest on an open account and attorney fees in the amount of $9,476.38.

<u>**STATEMENT OF THE CASE**</u>

Pursuant to an agreement reached in August 2008, Gulf Coast performed certain analyses on water samples for Ecosphere. In general, two types of tests were performed: a water analysis and an elemental analysis. Gulf Coast also sold certain chemicals to Ecosphere.

From September to November 2008, Gulf Coast sent invoices to Ecosphere for the analyses, chemicals, and labor. The five invoices for chemicals and labor totaled $10,306.45. Ecosphere claimed that the two invoices for the analyses, sent in early November, were insufficiently descriptive. In January 2009, Gulf Coast sent credit memos for the two invoices which had billed only for "Miscellaneous." It then issued two new invoices: one for 123 water analyses at a unit price of $150.00 for a total cost of $18,450.00 and one for 369 elemental analyses at a unit price of $65.00 for a total cost of $23,985.00.

Ecosphere failed to pay any of the amounts due to Gulf Coast. On May 28, 2009, an attorney for Gulf Coast sent a demand letter to Ecosphere seeking payment for $52,741.45. When Ecosphere did not make payment in response to the letter, Gulf Coast filed a Petition for Money Due on Open Account on December 8, 2009. Ecosphere filed an answer that denied the indebtedness to Gulf Coast.

The matter proceeded to trial on April 6, 2011. At that time, the parties stipulated that Ecosphere had paid the invoices for the labor and chemicals, and only two invoices, one for elemental analyses and one for water analyses, remained

an issue to be decided by the court. During the trial, Ecosphere acknowledged that the invoice for $18,450.00 for water analysis was correct and it owed that amount to Gulf Coast. Ecosphere argued that the parties had agreed to a lower price for the elemental analyses performed by Gulf Coast, and introduced evidence, including the testimony of Michael Donn, Sr., the chief operating officer of Ecosphere, to support its claim that Gulf Coast agreed to charge between $20.00 and $25.00 for each sample. The owner of Gulf Coast, Jimmy Lee Fuselier, and the salesman assigned to Ecosphere's account, Brad Petrek, testified that only Mr. Fuselier had authority to set the price and he had set the price at $65.00 per sample for elemental analysis.

At the end of the trial, the trial court ruled that Gulf Coast had proven its case and awarded Gulf Coast $42,435.00 plus interest from the date of judicial demand. The trial court also awarded attorney fees of $9,476.38 pursuant to the open accounts statute, La.R.S. 9:2781. Ecosphere now appeals.

## ASSIGNMENTS OF ERROR

Ecosphere asserts three assignments of error:

1. The district court erred in ruling that plaintiff-appellee Gulf Coast met its burden of proof required to prevail on its petition for suit on open account under Louisiana Revised Statute 9:2781.

2. The district court erred in allowing ambiguity on price to be interpreted against defendant-appellant Ecosphere.

3. The district court erred in ruling that defendant-appellant Ecosphere agreed to pay $65 per each elemental analysis.

## DISCUSSION

Gulf Coast's suit on open account is based on La.R.S. 9:2781(A), which states:

> When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for

2

reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Citation and service of a petition shall be deemed written demand for the purpose of this Section. If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant. Receipt of written demand by the person is not required.

"The amount owing on an open account is a question of fact." *Credit Bureau Serv. v. Lundberg*, 08-1523, p. 4 (La.App. 3 Cir. 5/6/09), 10 So.3d 883, 885. An appellate court is not to disturb the findings of fact of a trial court unless those findings are manifestly erroneous or clearly wrong. *Rosell v. ESCO*, 549 So.2d 840 (La.1989).

In its appeal, Ecosphere complains that the price for each elemental analysis was not proven by Gulf Coast. Instead of the $65 per elemental analysis charge on the revised invoices sent in January 2009, Ecosphere argues that it agreed to pay $20 to $25 for three elemental analyses on each sample of water. Ecosphere argues that its evidence shows that $65 was the charge for each water sample, not each elemental analysis. Furthermore, because Gulf Coast failed to properly state the amount owed in its written demand for payment, Ecosphere argues that the award for attorney fees should be reversed.

Each party presented evidence in this case to support its position on the price of the elemental analyses. Ecosphere introduced the testimony of Mr. Donn and two e-mail communications between Ecosphere employees which indicate their understanding that Gulf Coast would charge between $20 and $25 dollars for each elemental analysis. Mr. Petrek and Mr. Fuselier testified for Gulf Coast. Both men stated that the only person authorized to set the price for the elemental analyses was Mr. Fuselier. Additionally, a page from the day planner of Mr. Petrek from the week of his initial meetings with representatives from Ecosphere

was introduced, which shows a notation that the charge for each elemental analysis was $60 or $65.

The court also heard testimony from Mr. Fuselier that after his accounts receivable department sent the revised invoices, he did not hear from Ecosphere about payment until after the demand letter had been sent and this suit had been filed. Furthermore, while Ecosphere had paid for the chemicals at the time of the trial, Ecosphere had not paid for the water analyses even though it did not dispute the pricing or quantity of those analyses. Although Mr. Donn testified that he met Mr. Petrek on at least one occasion and discussed pricing, Mr. Petrek denied ever meeting Mr. Donn.

The trial court clearly made a credibility determination. The supreme court recently explained this court's role in applying the manifest error standard in *McGlothlin v. Christus St. Patrick Hospital*, 10-2775, p. 16 (La. 7/1/11), 65 So.3d 1218, 1230-31:

> Under the manifest error standard, a determination of fact is entitled to great deference on review. *Guillory v. Lee*, 09-0075, p. 14 (La.6/29/09), 16 So.3d 1104, 1116; *Wainwright v. Fontenot*, 00-0492, p. 6 (La.10/17/00), 774 So.2d 70, 74.

> > [T]he reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.

> *Guillory*, 09-0075 at p. 14, 16 So.3d at 1116-17 (*quoting Perkins v. Entergy Corp.*, 00-1372 (La.3/23/01), 782 So.2d 606). Because the discretion vested in the trier of fact is so great, and even vast, an appellate court should rarely disturb its findings on review. *Guillory*, 09-0075 at p. 14, 16 So.3d at 1117.

4

We find no manifest error in the trial court's finding that the price and quantity of the elemental analyses were proven by Gulf Coast. Because we find that Gulf Coast proved that the amount it sought in the petition and demand letter was correct, we affirm the award of attorney fees made by the trial court to Gulf Coast.

Ecosphere's next argument, that the pricing was ambiguous, is not persuasive. Rather, it is merely a restatement of the issue presented to and decided by the trial court without any additional legal argument to support the claim.

In its last assignment of error, Ecosphere claims there was mistake in the billing or outright fraud by Gulf Coast. These allegations were not raised in the trial of this matter and are not supported by the record. We find no merit in the assignment of error.

Finally, we note that Gulf Coast, in its brief to this court, has prayed for additional attorney fees for work done on this appeal. Because Gulf Coast did not file an appeal or an answer to the appeal seeking a modification of the judgment, we cannot consider this argument. La.Code Civ.P. art. 2133.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to Ecosphere.

**AFFIRMED.**

5