NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-981

ARROW FINANCIAL SERVICES, LLC

VERSUS

CAROL E. SORRELL

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2007-5047
HONORABLE DAVID ALEXANDER RITCHIE, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

AFFIRMED.

Gregory M. Eaton
Eaton Group Attorneys, LLC
P. O. Box 3001
Baton Rouge, LA 70821
Phone: (225) 378-3119
COUNSEL FOR:
    Plaintiff/Appellee - Arrow Financial Services, LLC

Carol E. Sorrell
In Proper Person
1105 Beachcomber Road
Sulphur, LA 70665-7674
Phone: (337) 558-6560
    Defendant/Appellant

**THIBODEAUX, Chief Judge.**

Defendant-appellant, Carol E. Sorrell, asserts that the trial court erred by granting a summary judgment in favor of a collection agency, Arrow Financial Services, LLC (Arrow). The trial court found that there was no genuine issue of material fact with respect to Arrow's claim of debt against Sorrell. For the following reasons, we affirm.

I.

**ISSUE**

We shall consider whether Sorrell can defeat Arrow's motion for summary judgment, where Arrow presented affidavits that it is a holder of credit issued to Sorrell through Washington Mutual Bank (WaMu) and where Sorrell did not deny the debt to WaMu, and submitted no affidavits, exceptions, or motions to rebut or to strike Arrow's evidence.

II.

**FACTS**

Through two affidavits, Arrow submitted to the trial court that it was a holder of credit issued to Sorrell through WaMu and that the balance due on that account was $15,317.22 together with interest of 18% from September 29, 2006. Arrow also claims it was entitled to attorney's fees in the amount of 25% of the total of both principal and interest.

Sorrell, acting pro se, filed an answer claiming several "affirmative defenses," including that Arrow had no standing to sue because it is not licensed to conduct business in Louisiana; that Arrow's attorneys engaged in unauthorized practice of law because they are not licensed; that Arrow committed fraud on the

court; and, that Arrow cannot prove its damages[1].  Sorrell filed no motions, exceptions, or affidavits.  Although Sorrell denied owing Arrow any money, she did not deny her debt to WaMu.

Arrow moved for summary judgment.  Sorrell filed a brief in opposition to the motion for summary judgment titled "Brief in Opposition to Motion for Summary Judgment and Counterclaim," in which she reiterated statements she made in her answer and added that Arrow's affidavits were made without actual knowledge.  In her "counterclaim" Sorrell alleged that Arrow committed fraud, extortion, and civil racketeering and demanded $45,951.66 in damages.  The trial court held that Sorrell did not support her allegations with any facts.

The trial court granted Arrow's summary judgment motion after a hearing.  This pro se appeal followed.

III.

**STANDARD OF REVIEW**

An appellate court reviews summary judgment de novo.  *Guilbeaux v. Times of Acadiana, Inc.*, 96-360 (La.App. 3 Cir. 3/26/97), 693 So.2d 1183 *writ denied*, 97-1840 (La. 10/17/97), 701 So.2d 1327.

IV.

**LAW AND DISCUSSION**

Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the mover is entitled to

---

[1]Although we recognize that Sorrell did not have the benefit of a counsel, we find it appropriate to caution Sorrell about the use of inelegant language in her submissions to this or any other court of law.

judgment as a matter of law. La.Code Civ.P. art. 966(B). The initial burden of proof to show there is no genuine issue of material fact remains with the movant. *Hutchinson v. Knights of Columbus, Council No. 5747*, 03-1533 (La. 2/20/04), 866 So.2d 228. If the movant has made a prima facie case that the motion should be granted, the burden shifts to the adverse party to produce enough evidence to show that some issues of material fact remain. *Id.* If the non-moving party fails to produce the evidence, the court must grant the motion as a matter of law. *Id.*

At the summary judgment stage of the proceedings, our courts may not decide questions of fact. *Id.* Because witness credibility is a question of fact, courts must not make credibility determinations at a summary judgment. *Id.* Thus, our courts must assume that persons who submit affidavits to the courts at the summary judgment stage are credible. *Id.*

"'[O]pen account' includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions." La.R.S. 9:2781(D). A credit card account is a form of an open account when it is past due and is assigned to a third party for collection. *Chaney Oil Co. of Vicksburg v. Beard*, 446 So.2d 849 (La.App. 2 Cir. 1984). At a summary judgment stage of the proceedings, a creditor in an open account suit "must first prove the account by showing that the record of the account was kept in the course of business and by introducing evidence regarding its accuracy." *Metal Coatings, L.L.C. v. Petroquip Energy Serv., L.P.*, 06-1118, p. 4 (La.App. 3 Cir. 11/21/07), 970 So.2d 695, 698. Once the creditor makes this prima facie showing, "the burden shifts to the debtor to prove the inaccuracy of the account or to prove the debtor is entitled to certain credits." *Id.*

Here, Arrow submitted two affidavits that it is a holder of credit issued to Sorrell through WaMu. The affiants assert that they are qualified to make the affidavits based on their personal knowledge of Sorrell's account in the business records of Arrow. The affiants declare accuracy of the account. In the absence of evidence to the contrary, we must assume that all information in the affidavits is true.

Sorrell filed no affidavits, motions, exceptions, or other devices or evidence to rebut Arrow's evidence or to strike it from the record. Sorrell's arguments in the brief submitted to this court are of no avail as they replicate what has already been submitted and rejected. We reject them as well.

V.

## CONCLUSION

Summary judgment in favor of Arrow Financial Services, LLC is affirmed. Costs of this appeal are assessed to Carol E. Sorrell.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules—Courts of Appeal.