NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-645

COMPASS ENGINEERING & CONSULTANTS, L.L.C.

VERSUS

PICONYX, INC.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20205292
HONORABLE SCOTT J. PRIVAT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

CANDYCE G. PERRET
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, Van H. Kyzar, and Candyce G. Perret, Judges.

AFFIRMED.

**Joshua G. McDiarmid**
**Juan J. Moreno**
**Butler Snow, LLP**
**445 North Blvd, Suite 300**
**Baton Rouge, LA   70802**
**(225) 325-8700**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **PicOnyx, Inc.**

**William T. Babin**
**Law Office of William T. Babin**
**405 West Convent St.**
**Lafayette, LA    70501**
**(337) 232-7757**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Compass Engineering & Consultants, L.L.C.**

**PERRET, Judge.**

This appeal involves a petition on an open account. PicOnyx, Inc., ("PicOnyx") appeals the trial court's June 1, 2021 judgment granting Compass Engineering & Consultants, L.L.C.'s ("Compass Engineering") motion for summary judgment and ordering PicOnyx to pay $189,144.00 in outstanding invoice balances and attorney fees in the amount of $7,500.00. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY:**

The underlying facts of this case are not in dispute. Compass Engineering sold merchandise and rendered services to PicOnyx from August through November 2019. Compass Engineering issued five invoices during that time, which amounted to $189,144.00 for the work performed. The bills remained unpaid, and on August 10, 2020, Compass Engineering sent a written demand for payment to PicOnyx.

Thereafter, on October 27, 2020, Compass Engineering filed a petition on the open account against PicOnyx seeking to recover payment for its services and an award of attorney fees. Attached to the petition was an itemized statement of the account that listed the invoice numbers, dates, and the amount due. On that same date, Compass Engineering filed a request for admission of facts. PicOnyx answered the petition on January 6, 2021, admitting that Compass Engineering rendered services to it but denied each and every remaining allegation.

On March 4, 2021, Compass Engineering filed a motion for summary judgment alleging that it is entitled to a summary judgment "on the grounds that the pleadings and request for admissions on file, and the sworn affidavit, itemized statement of account, invoices, certified demand letter and returned receipt annexed hereto, show that there is no genuine issue as to material fact and that mover is entitled to judgment[.]" In support of its motion for summary judgment, Compass

Engineering attached: (1) the affidavit of its lead engineer, Ronald Vining, stating that PicOnyx owes it the full sum of $189,144.00, and (2) the itemized statement of account and invoices for the account.

On May 18, 2021, PicOnyx filed an opposition to the motion for summary judgment alleging that there is no dispute that Compass Engineering performed services for it and that Compass Engineering invoiced it $189,440.00 but argued that "the only evidence before this Court shows that the principals of PicOnyx and Compass agreed to defer PicOnyx's payment on the Purchase Orders until PicOnyx completed its fundraising efforts." PicOnyx alleges it had an oral agreement with Compass Engineering that "created either a suspensive condition or an uncertain term for payment, and PicOnyx's obligation to pay Compass for the engineering services was dependent on, and could not be enforced until, the happening of a contemplated event: specifically, PicOnyx's successful completion of its fundraising efforts." In support of its opposition, PicOnyx attached: (1) the affidavit of David Bening, the president and chief executive officer of PicOnyx; (2) a couple of purchase orders; and (3) email correspondence between Mr. Bening and Mr. Vining.

Thereafter, Compass Engineering filed a reply memorandum alleging PicOnyx waived this new claim (that the open account is not due and owing because Compass Engineering allegedly agreed to defer payment on the account until PicOnyx completed its fund-raising efforts) since it did not file this claim prior to its answer or in its answer to Compass Engineering's petition. Additionally, Compass Engineering argues that PicOnyx has "produced no evidence (contract, letter, email, etc.) to prove that [Compass Engineering] agreed to wait for payment until [PicOnyx] could find the money to pay for the services." Compass Engineering argues that PicOnyx "admitted in its opposition memorandum . . . that 'Aside from the purchase

2

orders issued by PicOnyx, and the corresponding invoices issued by Compass, there is no written contract or agreement, or applicable terms and condition, between PicOnyx and Compass.'" Thus, Compass Engineering submits there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

After a hearing, the trial court found in favor of Compass Engineering and against PicOnyx in the amount of $189,144.00, plus interest, along with attorney fees in the amount of $7,500.00. PicOnyx now appeals alleging the following sole assignment of error: "The Trial Court erred in granting Compass' Motion for Summary Judgment, and entering judgment in favor of Compass and against PicOnyx."

**STANDARD OF REVIEW:**

An appellate court reviews a trial court's granting of a motion for summary judgment de novo. *Duncan v. U.S.A.A. Ins. Co.*, 06-363 (La. 11/29/06), 950 So.2d 544. Under this standard of review, the appellate court uses the same criteria as the trial court in determining if summary judgment is appropriate: whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. *Id.* "A fact is 'material' when its existence or nonexistence may be essential to [a] plaintiff's cause of action under the applicable theory of recovery." *Smith v. Our Lady of the Lake Hosp., Inc.,* 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751. "'[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute.'" *Id.* (alternation in original) (*quoting S. La. Bank v. Williams*, 591 So.2d 375, 377 (La.App. 3 Cir. 1991), *writs denied*, 596 So.2d 211 (La.1992)).

The mover bears the burden of proving that he is entitled to summary judgment. La.Code Civ.P. art. 966(D)(1). However, if the moving party will not

bear the burden of proof on the issue at trial, he need only demonstrate an absence of factual support for one or more elements essential to the non-moving party's claim. *Id.* Then, the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. *Id.* If the non-moving party is unable to do so, there is no genuine issue of material fact and summary judgment will be granted. La.Code Civ.P. art. 967(B).

**DISCUSSION:**

Louisiana Revised Statutes 9:2781(A) sets forth the procedures for suits on open accounts and provides, in pertinent part:

> When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Citation and service of a petition shall be deemed written demand for the purpose of this Section. If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant. Receipt of written demand by the person is not required.

Louisiana Revised Statutes 9:2781(D) further defines an open account as "any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions."

On appeal, PicOnyx alleges the evidence it submitted in opposition to Compass Engineering's motion for summary judgment created a genuine issue of material fact. Specifically, PicOnyx relies upon the affidavit of Mr. Bening to show "that the principals of PicOnyx and Compass agreed to defer PicOnyx's payment on the Purchase Orders until PicOnyx completed its fundraising efforts[,]" and that PicOnyx relied upon "Mr. Vining's representations that Compass would defer

4

payment[s] were made with respect to both of the Purchase Orders, to induce PicOnyx to continue the project, even though Compass and PicOnyx knew that funds to pay for the work were not available at that time."

In order to sustain an action on open account, "the creditor must first prove the account by showing that the record of the account was kept in the course of business and by introducing evidence regarding its accuracy." *Metal Coatings, L.L.C. v. Petroquip Energy Servs., L.P.*, 06-1118, p. 4 (La.App. 3 Cir. 11/21/07), 970 So.2d 695, 698. Once the creditor makes this prima facie showing, "the burden shifts to the debtor to prove the inaccuracy of the account or to prove the debtor is entitled to certain credits." *Id.* The amount of an open account is a question of fact which may not be disturbed on appeal absent manifest error. *Credit Bureau Servs. v. Lundberg*, 08-1523 (La.App. 3 Cir. 5/6/09), 10 So.3d 883.

In this case, Compass Engineering established the existence of an open account and the amount due by attaching the following to its motion for summary judgment: (1) the sworn affidavit of Mr. Vining; (2) the itemized statement of account, which showed a balance of $189,440.00; (3) invoices; and (4) the certified demand letter. Because Compass Engineering established a prima facie case, the burden then shifted to PicOnyx to prove the inaccuracy of the account or entitlement to certain credits.

In opposition to the motion, PicOnyx relies on the affidavit of Mr. Bening, the president of PicOnyx, to create a genuine issue of fact as to whether Compass Engineering agreed to defer payment on its invoices until PicOnyx successfully completed its fundraising efforts. Mr. Bening's affidavit states, in pertinent part:

11. On or about June 18, 2019, PicOnyx issued a purchase order to Compass to provide engineering services for the installation of a production line to make PicOnyx's M-Tone at the Facility (the

5

"June 2019 Purchase Order"). A copy of the June 2019 Purchase Order is attached as **Exhibit A**.

12. Work proceeded under the June 2019 Purchase Order. On October 17, 2019, an additional purchase order was issued by PicOnyx to Compass, for the purpose of continuing the services for making the Facility ready for commercial production of M-Tone (the "October 2019 Purchase Order"). A copy of the October 2019 Purchase Order is attached as **Exhibit B**.

13. In about the third quarter of 2019, and prior to the issuance of the October 2019 Purchase Order, I informed Ronald Vining ("Mr. Vining"), Compass' Chief Executive Officer and President, that PicOnyx was running low on capital and was actively fundraising to obtain additional capital.

14. Mr. Vining had represented to me that he was Compass' President and Chief Executive Officer. I note that Compass' website identifies Mr. Vining as Compass' Chief Executive Officer. An excerpt from Compass' website is attached as **Exhibit C**. Mr. Vining's emails to me would at times use the title President. At all times, Mr. Vining conducted himself as if he had the authority to enter into agreements and bind Compass to those agreements. At all times, I believed that Mr. Vining had the authority to enter into agreements and bind Compass to those agreements.

15. Prior to issuing the October 2019 Purchase Order, I contacted Mr. Vining, and requested that Compass work with PicOnyx regarding the providing of services and payment for those services, because PicOnyx had insufficient funds at the time to pay Compass. Specifically, I requested that Compass defer PicOnyx's payment for the services until after PicOnyx successfully completed its fundraising efforts. Both PicOnyx and Compass would benefit from this deferred payment agreement. On the one hand, Compass was only to provide services, not equipment, so its risk was limited to the time spent by its employees. Further, upon the competition of this initial project, PicOnyx had additional and larger projects for Compass. Thus, a deferred payment agreement would help the development of a long-term customer relation for Compass. On the other hand, a deferred payment agreement would allow PicOnyx to complete its M-Tone manufacturing facility in tandem with its fundraising.

16. In these discussions, Mr. Vining agreed that PicOnyx would not have to pay for the services thus far provided until PicOnyx successfully completed its fundraising efforts. Mr. Vining, knowing that PicOnyx at the time did not have sufficient funds

6

to pay Compass, also agreed to continue to provide services to PicOnyx, under this deferred payment agreement. Thus, Mr. Vining requested, accepted and provided service under the October 2019 Purchase Order, knowing that PicOnyx did not have sufficient funds to pay Compass at that time.

17. In issuing the October 2019 Purchase Order, and in accepting services pursuant to that purchase order, I relied upon Mr. Vining's agreement to defer payment for those services and the prior services.

18. In these October 2019 discussions, I on behalf of PicOnyx and Mr. Vining on behalf of Compass, entered into an agreement, that PicOnyx's payments for the services provided by Compass under the June 2019 Purchase Order and the October 2019 Purchase Order would not be due until after PicOnyx had successfully concluded its fundraising efforts.

19. PicOnyx's fundraising efforts were ongoing but unsuccessful for the remainder of 2019 and the start of 2020. PicOnyx's fundraising efforts were then greatly complicated and hurt by the pandemic. Additionally, Carbo's filing for bankruptcy in April 2020 further complicated and hurt PicOnyx'[s] ability to raise funds, because Carbo was PicOnyx's manufacturing partner.

20. Because Compass had agreed to defer PicOnyx's payment until the successful completion of PicOnyx's fund raising efforts, I would from time to time let Mr. Vining know about the status of PicOnyx's ongoing fundraising efforts. *See, e.g.*, the communications exchanged between Mr. Vining and I attached as ***Exhibits D and E***.

21. To date, PicOnyx has not successfully completed its fund-raising efforts. Thus, pursuant to the deferred payment agreement that PicOnyx entered into with Compass, PicOnyx does not currently owe Compass any payment for the funds invoiced to PicOnyx. A "Client Invoice Aging" is attached as ***Exhibit F***.

PicOnyx does not dispute that Compass Engineering rendered engineering services for the price and sum of $189,440.00 but asserts that Mr. Bening's affidavit creates a genuine issue of fact as to whether the parties agreed to defer payment on the account until PicOnyx successfully completed fundraising efforts. However, upon review of the record, we find that neither Mr. Bening's affidaivit nor the attachments to the affidavit support PicOnyx's argument that Compass Engineering

agreed to defer payment on the invoices until PicOnyx could find the money to pay for the services. The trial judge also questioned PicOnyx's counsel at the hearing as to whether there was any other evidence besides Mr. Bening's self-serving affidavit that Compass Engineering agreed to defer payment. Counsel for PicOnyx testified, as follows:

THE COURT: Is that in writing?

MR. MCDIARMID: No, it's not in writing.

THE COURT: So it's just – it's just in an affidavit that your client signed?

MR. MCDIARMID: That's correct.

THE COURT: That's it?

MR. MCDIARMID: That's it.

THE COURT: So there's no other evidence other than what your client says, correct?

MR. MCDIARMID: Not that we've seen so far.

THE COURT: Okay.

Like the trial court, we, too, find PicOnyx failed to present evidence sufficient to create factual issues precluding summary judgment on this open account suit. It is worth reiterating that PicOnyx admitted in its opposition memorandum that "Aside from the purchase orders issued by [it], and the corresponding invoices issued by Compass, there is no written contract or agreement, or applicable terms and condition, between PicOnyx and Compass.'" For these reasons, we affirm the decision of the trial court granting Compass Engineering's motion for summary judgment.

**DECREE:**

8

In conclusion, we find PicOnyx failed to carry its burden of proving the inaccuracy of the account or that an agreement was made to defer payments on the open account.  Therefore, the trial court correctly rendered judgment in favor of Compass Engineering.  We hereby affirm the trial court's judgment that granted summary judgment in favor of Compass Engineering in the amount of $189,144.00 with interest and the award of attorney fees in the amount of $7,500.00.  All costs of this appeal are assessed to PicOnyx, Inc.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.