# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 22-704


**LOUISIANA MACHINERY COMPANY, LLC**

**VERSUS**

**TREE GUARDIAN, LLC AND DEAN GUIDRY**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20184779
HONORABLE DAVID M. SMITH, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## VAN H. KYZAR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of D. Kent Savoie, Van H. Kyzar, and Ledricka J. Thierry, Judges.


**AFFIRMED.**

**Trent John Gauthier**
**Attorney at Law**
**100 Asma Blvd, Suite 310-E**
**Lafayette, LA 70508**
**(337) 290-1806**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
**Tree Guardian, LLC**
**Dean Guidry**

**David A. Oriol**
**Oriol Law Firm**
**137 Terra Bella Blvd**
**Covington, LA 70433**
**(985) 845-2229**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Louisiana Machinery Company, LLC**

**Dean Guidry**
**In Proper Person**
**103 Ruidos Drive**
**Lafayette, LA 70503**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
**Tree Guardian, LLC**
**Dean Guidry**

**KYZAR, Judge.**

In this suit on open account, Tree Guardian, LLC and Dean Guidry appeal a judgment in favor of Louisiana Machinery Company, LLC in the principal amount of $17,671.27 plus contractual interest and attorney fees. For the reasons set forth herein, we affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

Louisiana Machinery Company, LLC (LMC) filed the instant suit on open account against Defendants, Tree Guardian, LLC (Tree Guardian) and Dean Guidry. It alleged that Tree Guardian is indebted unto LMC in the principal amount of $22,113.17, as represented by an Account Statement Summary and Invoices attached to the petition. It alleged that LMC rented equipment, performed repairs, and/or sold parts to Tree Guardian on the dates and for the charges noted on the attachments. LMC further asserted that Defendant, Dean Guidry, signed a continuing guarantee as to the account of Tree Guardian and was thus liable in solido with it. The guarantee was attached to the petition as an exhibit as well.

Defendants each answered the petition with a general denial. Thereafter, LMC moved for summary judgment. On November 2, 2020, the motion for summary judgment was denied. Trial on the merits took place on November 8 and 10, 2021.

At the conclusion of the trial, the trial court stated oral reasons for its judgment finding in favor of LMC in the amount of $17,671.27 due on the open account, plus contractual interest and attorney fees of 25% of the amount due. Defendants thereafter filed this devolutive appeal, raising as the sole assignment of error that the trial court committed manifest error in its judgment in favor of Plaintiff.

2

## DISCUSSION

"A court of appeal may not set aside a trial court's findings of fact in the absence of manifest error or unless they are clearly wrong." *Allerton v. Broussard*, 10-2071 (La. 12/10/10), 50 So.3d 145, 146–47. Applying the manifest error standard of review, an appellate court must review the record in its entirety and find that a reasonable factual basis does not exist for the finding. *Id.* Further, it must determine that the record establishes that the factfinder is clearly wrong or manifestly erroneous before reversing a trial court's determination of a fact. *Id.* "The amount due on an account is a question of fact that may not be disturbed absent manifest error." *Seale & Ross, P.L.C. v. Holder*, 19-1487, p. 5 (La.App. 1 Cir. 8/3/20), 310 So.3d 195, 200 (internal citations omitted).

> In order to prevail in a suit on an open account, the creditor must first prove the account by showing that the record of the account was kept in the course of business and by introducing evidence regarding its accuracy. Once a prima facie case has been established by the creditor, the burden shifts to the debtor to prove the inaccuracy of the account or to prove the debtor is entitled to certain credits.

*Metal Coatings, L.L.C. v. Petroquip Energy Servs., L.P.*, 06-1118, pp. 4–5 (La.App. 3 Cir. 11/21/07), 970 So.2d 695, 698.

Blair Curole, the Credit Manager for LMC, testified at trial. She stated that LMC is a machinery company that sells machines, parts, and performs service for Caterpiller equipment, such as excavators, dozers, and engines. It is a Caterpillar dealer for the State of Louisiana. Curole's job duties are to "review all applications and financials for each customer before approving them for an account[]" and once approved she will "keep up with the collections' team who's collecting on each account." Throughout the course of her testimony, Curole verified each invoice introduced as evidence, including the total amount charged for services or rentals as well as any amounts paid thereon, for the net balance due

3

on each. The invoices that are outstanding had date stamps ranging from September 25, 2017 to February 22, 2018.

Curole was questioned regarding other payments made by Defendants during the relevant time period. She testified as to each specific payment made, stating that they were for other invoices submitted to Defendants for separate services and were not a part of the unpaid invoices upon which Defendants were sued. In summary, credit was given to the specific invoice for which the payment was due. On re-direct, Curole testified that Exhibit P-12, the account summary, would include only the unpaid invoices and invoices where less than full payment had been made.

On cross examination, Curole admitted that she was not the original credit manager for the account, that she was employed for two and a half years prior to trial, and that she was assigned to the account in September 2019.

Dean Guidry testified on his own behalf, stating he paid his bills by check monthly and denying owing any money to LMC. He verified payments made that were introduced and admitted by LMC in answers to discovery. However, he could not say if these payments were for all invoices of LMC, as he did not produce processed checks from his accounts showing the total sum of all payments made to LMC or whether any processed checks had the relevant invoice numbers on them.

On cross examination, Guidry testified regarding a refund check of sixty cents that he had previously received. He admitted that he did not realize that the refund was not issued from LMC as he had assumed but was actually from Caterpillar Finance and had a different account number than that of his account with LMC. Curole returned to the stand on rebuttal and explained that an account

4

with Caterpillar Financial would be separate from any account with LMC and that the account in question was for a Caterpillar credit card.

At the close of trial, the trial court stated oral reasons for its decision in favor of LMC, as follows:

> Alright. I've tried to - - There's some issues in my mind with the evidence. However, I do believe that the plaintiff has carried the burden of proof as to the vast majority of all the issues. She testified that on this account, which she was in charge of, that the records of the business reflect that there were payments that were not made. Going through, there's even some credit or some invoices of - - like, the one that I've informed Counsel, eighty three hundred and ninety-nine dollars, I think, which shows a balance of sixty - - actually, shows a balance of, on that account, sixty-one, seventy-eight, forty. So, without there being any payments being showed, and defendant has testified that these were the payments, in fact, made, Caterpillar agrees that these were, in fact, the payments that was made - - that were made to this account, and Mr. [Guidry] testified that these were the payments that he made, and all the payments that he made towards this account, bringing some discrepancy in an invoice, especially noted as P-3, for eighty-three, ninety-nine, fifty-five - - or thirty-five, which was never paid, but I don't find an answer in Interrogatory Number 1, where there was a payment of eighty-three, ninety-nine, thirty-five. So, in essence, there had to be, at some point, some invoices that were not paid, if his total payments were paid on the spot every month. Now, in reciting that, I'm not telling you, Mr. Guidry, or the defendant, that he's lying. I'm just thinking when he went in and rented some equipment, I think - - I'm sure he paid on the spot for what he walked out with; however, the evidence seems to bear that there were unpaid invoices. And so I will grant judgment in the amount of, Exhibit P-12, twenty-two thousand, one hundred and thirteen dollars and seventeen cents, minus I'm going to give him a credit, because of the confusion around P-3, which indicates a payment of twenty-two, twenty, ninety-five. If you look at the invoice amount, eighty-three, ninety-nine, thirty-five, minus the balance on that account or on that invoice of sixty-one, seventy-eight, forty, it gives you a payment of two thousand, two hundred and ninety dollars and ninety-five cents, which is equivalent to payments made in January and February immediately following this invoice as well, so I'm not a hundred percent sure about the balance on that invoice. The rest of it I am sure about. So, the - - I left my calculator in the - - It would be twenty-two thousand, one thirteen, seventeen, minus forty-four, forty-one, ninety. Seventeen thousand, six, seventy-one, twenty-seven, I find in judgment in favor of the plaintiffs.

The trial court also awarded contractual attorney fees of 25% of the balance due and interest pursuant to the financing agreement.

We find no manifest error in the decision of the trial court. A prima facie case at the least was established by LMC through the testimony of Curole and the documentary evidence of the account and its balance, and, thus, the burden shifted to Guidry on behalf of Tree Guardian to prove the inaccuracy of the account or to prove it is entitled to certain credits. *Metal Coatings, L.L.C.*, 970 So.2d 695. He failed to do so, other than the credit recognized by the trial court in its reasons for judgment in the amount of $2,290.95. Accordingly, the judgment of the trial court is affirmed.

## DECREE

For the reasons set forth above, the judgment of the trial court in favor of Louisiana Machinery Company, LLC and against Tree Guardian, LLC and Dean Guidry is affirmed. All costs of this appeal are assessed to the defendants/appellants.

**AFFIRMED.**